**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| THERESA MARIE BARBERO   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | Case No. 25-cv-2214-SMY |
| ) | |
| ANNE M. RANDOLPH, BRYCE A. HILL,   ) | |
| DENNIS E. BUCK, JEREMY R.   ) | |
| WALKER, ROBIN K. BERT and   ) | |
| DAVID H. FRIESS,   ) | |
| in their individually capacity,   ) | |
| ) | |
| Defendants.   ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Theresa Marie Barbero filed this *pro se* action alleging civil rights violations against Defendants Anne Randolph, Bryce Hill, Dennis Buck, Jeremy Walker, Robin Bert, and David Friess. Now pending before the Court is Barbero's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3). For the following reasons, the Motion is **DENIED** and Barbero's Complaint (Doc. 1) is **DISMISSED.**

The Court is satisfied from Barbero's affidavit that she is indigent and cannot pay the $400.00 filing fee at this time. She is unemployed and receives $1163 per month from other sources. She currently has $200 in her bank account. Her monthly debts exceed her monthly income. The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges

have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). In conducting a § 1915(e)(2) screening, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, under Rule 8 of the Federal Rules of Civil Procedure, a Complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

From what the Court can discern, Barbero's claims arise from events occurring in an underlying state court case in which she was a non-party. She alleges that in March 2025, Defendant David Friess, an attorney, filed a motion to extend time and an entry of appearance. The motion was granted on the same day without notice or hearing by the judge, Defendant Jeremy Walker. In May 2025, Friess filed a motion to continue to answer the complaint, which was granted by Judge Walker without a hearing. Between May and June 2025, Judge Walker and defense attorneys repeatedly set and cancelled hearing dates among themselves, excluding Barbero from meaningful participation. On July 1, 2025, during a hearing, Judge Walker dismissed the case unless it was amended again. Judge Walker also completed an ARDC complaint form and filed a criminal referral against "non-party Barbero". In July 2025, Friess filed two motions for sanctions against Barbero, a non-party in the underlying suit, and submitted a false billing statement demanding payment of fees for his client in the underlying case, Defendant Anne Randolph. Judge Walker entertained these filings despite their frivolous nature. In August 2025,

a motion for default judgment was filed by the plaintiff in the underlying case, which was ignored by Judge Walker.  Friess never answered the complaint despite requesting an extension which was granted to answer the complaint.  Defendants Randolph, Dennis Buck, Robin Bert, and Bryce Hill, additional individuals associated with the underlying civil litigation, knowingly joined this scheme.

In Count I of the Complaint, Barbero alleges she was denied access to the courts by Judge Walker and that he obstructed her ability to pursue claims in the underlying state court proceeding, including denying her statutory fee waiver, ignoring her motion to be added as a plaintiff, and dismissing the underlying case twice with prejudice.

In Count II, Barbero alleges Judge Walker ordered her arrest on contempt charges resulting in unlawful seizure, strip search, and solitary confinement in violation of her Fourth, Eighth, and Fourteenth Amendment rights.  She further alleges the alleged retaliation chilled her exercise of her First Amendment right to petition the courts.

In Count III, Barbero asserts a civil conspiracy claim against Judge Walker and Friess, claiming they coordinated *ex parte* communications, expedited rulings, and ignored Barbero's filings to predetermine dismissal of the underlying case.  She also alleges Defendants Randolph, Buck, Bert, and Hill knowingly joined the scheme by filing false pleadings, refusing to honor a valid power of attorney, submitting false testimony, and attending hearings to intimidate her.

In Count IV, Barbero alleges that judicial immunity does not shield Judge Walker's conduct because his acts were non-judicial, outside jurisdiction, retaliatory, and conspiratorial. Finally, in Count V, Barbero alleges Defendants Randolph, Buck, and Bert refused to honor a valid power of attorney, obstructing lawful representation and violating Illinois law.

Barbero alleges violations of 18 U.S.C. § 1983 in the remaining counts, including that the defendants deprived her of constitutional rights through due process violations, retaliation, obstruction, and abuse of authority.  She further alleges that Judge Walker violated Barbero's rights by retaliating against her for engaging in protected speech by yelling at her during hearings and holding her in contempt after Barbero published an article she wrote in the River Region Sun Times News.

Barbero's Complaint fails to state plausible claims against the defendants.  First, her claims against Defendant Walker must be dismissed.  Judicial immunity extends to all judicial actions even if the action was in error, was done maliciously, was in excess of the judge's authority, or was flawed by the commission of grave procedural errors. *Brokaw v. Mercer Cnty.,* 235 F.3d 1000, 1015 (7th Cir. 2000). "[T]he immunity is overcome in only two sets of circumstances." *Mireles v. Waco,* 502 U.S. 9, 11 (1991).  First, "a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Id.*  Second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all [subject matter] jurisdiction." *Id.* at 12.  Here, Barbero's claims against Judge Walker stem from actions he took in the underlying litigation, including denying her request to join the litigation, denying her fee waiver, and holding her in contempt of court.  Each action complained of is a discretionary function normally performed by a judge.  Accordingly, Barbero's claims against Defendant Walker are **DISMISSED with prejudice**.

Turning to Barbero's § 1983 claims against the remaining defendants.  "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015). The "state actor" predicate to § 1983 liability must be satisfied for a claim to proceed against a defendant. Here, Defendants Friesse, Randolph, Hill, Buck, and Bert are private citizens, not state actors. Thus, Barbero has no relief available under § 1983 against these defendants.

In sum, Barbero fails to present any factual or legally meritorious grounds for her lawsuit to proceed before this Court. Accordingly, the Complaint (Doc. 1) is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to enter judgment accordingly. All pending motions are **TERMINATED as MOOT**.

**IT IS SO ORDERED.**

**DATED: April 13, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**